## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| JOHNSON CONTROLS TECHNOLOGY COMPANY and AIR DISTRIBUTION TECHNOLOGIES IP, LLC | ) ) ) ) | Civil Action No. _____ |
| Plaintiffs, | ) ) ) | DEMAND FOR JURY TRIAL |
| v. | ) ) | |
| PRICE INDUSTRIES INC. and PRICE INDUSTRIES LIMITED | ) ) | |
| Defendants. | | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Johnson Controls Technology Company ("JCTC") and Air Distribution Technologies IP, LLC ("Air Distribution") (collectively, "Plaintiffs"), by and through their attorneys, bring this action for patent infringement against Price Industries Inc. and Price Industries Limited (collectively, "Price" or "Defendants").

## NATURE OF ACTION

1. This is an action for infringement of United States Patent Nos. 6,369,716 ("the '716 patent"), 7,025,281 ("the '281 patent"), 9,625,166 ("the '166 patent"), and 9,824,549 ("the '549 patent") (collectively, "Asserted Patents"),

under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized manufacture, use, offer for sale, and/or sale in the United States, and/or importation into the United States of at least the Antec Touchscreen Room Pressure Monitor (the "PMT"), the Room Pressure Monitor (the "PM"), the Fume Hood Interface ("FHI"), the Price $CO_2$ Humidity Thermostat (the "$CO_2$ Humidity Thermostat"), the Price Rooftop Controller Unit (the "PRTU"), the Price Web Server (the "Web Server"), the Fan Filter Unit ("FFU"), the BACNet Flow Controller, the Active Chilled Beam Cabinet (the "ACBC"), and the Price Intelligent Controller (the "PIC") (collectively, "Accused Product(s)") and their acts that induce and/or contribute to the use of the Accused Products.

2.     The Accused Products and methods of using the Accused Products ("Accused Methods") relate to Defendants' Accused Products and their use(s).

## **PARTIES**

3.     Johnson Controls Technology Company is a company organized and existing under the laws of the State of Michigan and having a place of business at 40600 Ann Arbor Rd. E Ste. 201, Plymouth, MI, 48170.

4.     Air Distribution Technologies IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware and having a place of business at 5757 North Green Bay Ave., Milwaukee, Wisconsin 53209.

5.     On information and belief, Price Industries Inc. is a corporation organized and existing under the laws of Georgia, having its corporate offices and principal place of business at 2975 Shawnee Ridge Ct., Suwanee, GA 30024.

6.     On information and belief, Price Industries Limited is a Manitoba Share Corporation organized and existing under the laws of Canada, having its corporate offices and principal place of business at 638 Raleigh St., Winnipeg, MB, R2K 3Z9.

## JURISDICTION AND VENUE

7.     This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*, including in particular 35 U.S.C. §§ 271, 281, 283, 284, and 285.

8.     This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9.     This Court has personal jurisdiction over Price Industries Inc. because it is incorporated in the State of Georgia, conducts business within the State of Georgia, and has committed acts of patent infringement within the State of Georgia.

10.     On information and belief, Price Industries Limited is subject to personal jurisdiction in Georgia because, among other things, Price Industries Limited, itself and through its subsidiaries and/or corporate affiliates, maintains

3

continuous and systematic contacts with the State of Georgia, and has purposefully availed itself of the benefits and protections of Georgia's laws, such that it should reasonably anticipate being haled into court here. In particular, on information and belief, Price Industries Limited, either directly or through one or more of its subsidiaries, agents, and/or alter egos, including Price Industries Inc., has purposefully availed itself of the privilege of doing business in the State of Georgia and manufactures, distributes, markets and/or sells the Accused Products and performs the Accused Methods in the State of Georgia. On information and belief, Price Industries Limited is responsible for directing and controlling Price Industries Inc. related to the sale of the Accused Products and performance of the Accused Methods in the State of Georgia. On information and belief, Price Industries Limited is subject to personal jurisdiction in the State of Georgia, because it (either directly, or through its corporate affiliates), develops, manufactures, imports, markets, offers to sell, and/or sells the Accused Products and encourages others to practice the Accused Methods throughout the United States, including in the State of Georgia and therefore targets and transacts business within the State of Georgia.

11. Venue is proper in this District as to Price Industries Inc. under 28 U.S.C. § 1391 and 28 U.S.C. § 1400, as Price Industries Inc. resides in this

District, maintains a regular and established place of business in this District, has
committed acts of infringement giving rise to JCTC's patent infringement claims in
this District, and is subject to this Court's personal jurisdiction in this District.

12.     Venue is proper in this District as to Price Industries Limited under 28
U.S.C. § 1391 and 28 U.S.C. § 1400 because Price Industries Limited is a
Corporation organized and existing under the laws of Canada and is subject to
personal jurisdiction in this judicial district.

## **BACKGROUND**

13.     Johnson Controls International, plc ("JCI") has been a leader in the
field of building and energy management systems since it was founded in 1885 as
Johnson Electric Services Company—two years after its founder, Warren Johnson,
first patented an electric room thermostat. As a result of its over 130 years of
innovation, JCI has a leading portfolio of building technology and solutions that
transform and enhance the environments where people live, work, learn, and play.

14.     Since its founding, JCI has made significant investments in the
engineering, design, and development of building and energy management systems
and technologies and has secured patent protection for its innovations. In addition
to the significant investments in the engineering, design, and development of
building and energy management systems and technologies, JCI has made

significant investments in the strategic acquisition of companies that further its commitment to deliver increased value for customers of its building and energy management business. One such acquisition was JCI's acquisition of Air Distribution in 2014.

15.     Today, JCI remains a leader in HVAC and building controls technologies. JCTC, as JCI's technology holding company, holds hundreds of granted U.S. patents and additional hundreds of pending U.S. patent applications in the area of HVAC control and optimization alone.

## THE PATENTS-IN-SUIT

16.     The '716 patent, entitled "System and method for controlling air quality in a room," was duly and legally issued on April 9, 2002, naming Mustafa Abbas, John E. Seem, and Bernard Philippe Nicolas Clement as the inventors. A true and correct copy of the '716 patent is attached hereto as Exhibit A. Plaintiff JCTC is the assignee and lawfully owns all right, title, and interest in the '716 patent, including the right to sue for infringement thereof.

17.     The '281 patent, entitled "Programmable thermostat incorporating air quality protection," was duly and legally issued on April 11, 2006, naming Michael R. DeLuca as the inventor. A true and correct copy of the '281 patent is attached

hereto as Exhibit B. Plaintiff JCTC is the assignee and lawfully owns all right, title, and interest in the '281 patent, including the right to sue for infringement thereof.

18.     The '166 patent, entitled "Induction displacement air handling unit," was duly and legally issued on April 18, 2017, naming Joachim Hirsch, Meghna Parikh, and Brian J. Graham as the inventors. A true and correct copy of the '166 patent is attached hereto as Exhibit C. Plaintiff Air Distribution is the assignee and lawfully owns all right, title, and interest in the '166 patent, including the right to sue for infringement thereof.

19.     The '549 patent, entitled "Side viewable lighted bezel for a display device," was duly and legally issued on November 21, 2017, naming John Robert Taylor, Jr. and John Michael Reiszl as the inventors. A true and correct copy of the '549 patent is attached hereto as Exhibit D. Plaintiff JCTC is the assignee and lawfully owns all right, title, and interest in the '549 patent, including the right to sue for infringement thereof.

## **DEFENDANTS' INFRINGING ACTS**

20.     Defendants provide hardware, software, and services that directly infringe or induce and/or contribute to infringement of the Asserted Patents, including at least the PMT, the PM, the FHI, the $CO_2$ Humidity Thermostat, the PRTU, the Web Server, the FFU, the BACNet Flow Controller, the ACBC, and the

PIC, and other products with similar functionality. In addition to providing hardware, software, and services, Defendants provide customers with instructions, product information, technical information, installations, and services for using the hardware, software, and services that, among other things, instruct the user to act in an infringing manner.

<strong><u>Infringement of the '716 Patent</u></strong>

21.    On information and belief, Defendants directly and/or through distributors or resellers, import, make, sell, and offer for sale, the PIC, the $CO_2$ Humidity Thermostat, and the PRTU, which when combined infringe the '716 patent; and induce others, including customers, purchasers, users, or a combination thereof, to perform, either literally or under the doctrine of equivalents, each and every step of at least claim 20 of the '716 patent and have contributed, and continue to contribute, to the infringement of claim 20 of the '716 patent. A claim chart comparing the claim elements of claim 20 of the '716 patent to the PIC, the $CO_2$ Humidity Thermostat, and the PRTU sold by Defendants for use in the claimed invention is attached as Exhibit E.

<strong><u>Infringement of the '281 Patent</u></strong>

22.    On information and belief, Defendants directly and/or through distributors or resellers, import, make, sell, and offer for sale, the Web Server, the

8

FFU, and the BACNet Flow Controller, which when combined directly infringe the
'281 patent, either literally or under the doctrine of equivalents; and use the Web
Server, the FFU, and the BACNet Flow Controller products to directly infringe the
'281 patent. Defendants induce others, including customers, purchasers, users, or a
combination thereof, to combine the infringing Web Server, the FFU, and the
BACNet Flow Controller products in an infringing manner, and have contributed,
and continue to contribute, to the infringement of at least claim 1 of the '281
patent. A claim chart comparing the claim elements of claim 1 of the '281 patent to
the Web Server, the FFU, and the BACNet Flow Controller products sold by
Defendants for use in the claimed invention is attached as Exhibit F.

### Infringement of the '166 Patent

23.     On information and belief, Defendants directly and/or through
distributors or resellers, import, make, sell, and offer for sale, ACBC products that
directly infringe, including through use and testing, the '166 patent, either literally
or under the doctrine of equivalents, and use and testing of its ACBC products to
directly infringe the '166 patent. Defendants induce others, including customers,
purchasers, users, or a combination thereof, to use the infringing ACBC products
and have contributed, and continue to contribute, to the infringement of at least
claim 1 of the '166 patent. A claim chart comparing the claim elements of claim 1

of the '166 patent to the ACBC product sold by Defendants for use in the claimed invention is attached as Exhibit G.

## Infringement of the '549 Patent

24.     On information and belief, Defendants directly and/or through distributors or resellers, import, make, sell, and offer for sale, the PMT, the PM, and the FHI products that directly infringe the '549 patent, either literally or under the doctrine of equivalents, and use its PMT, PM, and FHI products to directly infringe the '549 patent. Defendants induce others, including customers, purchasers, users, or a combination thereof, to use the infringing PMT, PM, and FHI products and have contributed, and continue to contribute, to the infringement of at least claim 1 of the '549 patent. Claim charts comparing the claim elements of claim 1 of the '549 patent to the PMT, PM, and FHI products sold by Defendants for use in the claimed invention are attached as Exhibits H, I, and J.

## COUNT I: INFRINGEMENT OF THE '716 PATENT

25.     The allegations of paragraphs 1-24 are realleged and incorporated herein by reference.

26.     JCTC is the assignee and owner of all right, title, and interest in the '716 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

27.    The '716 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

28.    Defendants have indirectly infringed, and are continuing to indirectly infringe, literally or under the doctrine of equivalents, at least independent claim 20 of the '716 patent, in violation of 35 U.S.C. § 271 (a), (b), (c), and (f).

29.    On information and belief, Defendants have directly infringed and are continuing to directly infringe, the patented invention of at least claim 20 of the '716 patent by making, using, offering for sale, and selling the combined PIC, $CO_2$ Humidity Thermostat, and PRTU products in a manner that infringes claim 20 of the '716 patent.

30.    Defendants knowingly, actively induced, and continue to knowingly induce third-party direct infringers—such as Defendants' customers and end users—to practice the patented invention of at least claim 20 of the '716 patent by making, using, offering for sale, and selling the infringing PIC, the $CO_2$ Humidity Thermostat, and the PRTU products and by encouraging and facilitating infringement by creating and distributing instructional, product, and technical materials related to the infringing PIC, the $CO_2$ Humidity Thermostat, and the PRTU products that direct those third-party direct infringers to make and use the patented invention of at least claim 20. On information and belief, Defendants have

11

knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

31.     Defendants' combined infringing PIC, the $CO_2$ Humidity Thermostat, and the PRTU products are apparatuses especially made or adapted for infringing use, and Defendants sell and have sold infringing PIC, the $CO_2$ Humidity Thermostat, and the PRTU products for use in the patented inventions claimed in the '716 patent. Defendants knowingly contributed to, and continue to contribute to, the infringement of the '716 patent by others in this District—such as Defendants' customers and end users—by selling or offering for sale components of the infringing PIC, the $CO_2$ Humidity Thermostat, and the PRTU products in this District, wherein the infringing PIC, the $CO_2$ Humidity Thermostat, and the PRTU products constitute a material part of the patented inventions claimed in the '716 patent, and which when combined are not staple articles or commodities of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

32.     On information and belief, Defendants have supplied, and continue to supply, in or from the United States the infringing PIC, the $CO_2$ Humidity Thermostat, and/or the PRTU products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '716 patent,

where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1).  Alternatively, on information and belief, Defendants have supplied, and continue to supply, in or from the United States components of the infringing combination of the PIC, the CO2 Humidity Thermostat, and/or the PRTU products, which combination is especially made or especially adapted for use in practicing the claims of the '716 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

33.    Defendants' acts of indirect infringement of the '716 patent were and are willful, and have caused and will continue to cause substantial damages and irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT II: INFRINGEMENT OF THE '281 PATENT

34.    The allegations of paragraphs 1-33 are realleged and incorporated herein by reference.

35.     JCTC is the assignee and owner of all right, title, and interest in the
'281 patent and JCTC has the legal right to enforce the patent, sue for
infringement, and seek equitable relief and damages.

36.     The '281 patent is valid, enforceable, and was duly issued in full
compliance with Title 35 of the United States Code.

37.     Defendants have directly and indirectly infringed, and are continuing
to directly and indirectly infringe, literally or under the doctrine of equivalents, at
least independent claim 1 of the '281 patent, in violation of 35 U.S.C. § 271(a), (b),
(c), and (f).

38.     On information and belief, Defendants have directly infringed, and are
continuing to directly infringe, literally or under the doctrine of equivalents, at
least claim 1 of the '281 patent by importing, making, using, selling, and/or
offering for sale the infringing combination of the Web Server, the FFU, and the
BACNet Flow Controller products in the United States, in violation of 35 U.S.C. §
271(a).

39.     Defendants knowingly, actively induced and continue to knowingly
induce third-party direct infringers—such as Defendants' customers and end
users—to practice the patented inventions of at least claim 1 of the '281 patent by
importing making, using, offering for sale, and selling the infringing Web Server,

the FFU, and the BACNet Flow Controller products and by encouraging and facilitating infringement by creating and distributing instructional, product, and technical materials related to the infringing Web Server, the FFU, and the BACNet Flow Controller products. Defendants have knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

40.     Defendants' infringing Web Server, the FFU, and the BACNet Flow Controller products, when combined, are apparatuses especially made or adapted for infringing use, and, on information and belief, Defendants sell and have sold the infringing Web Server, the FFU, and the BACNet Flow Controller products for use in the patented inventions claimed in the '281 patent. Defendants knowingly contributed to, and continue to contribute to, the infringement of the '281 patent by others in this District—such as Defendants' customers and end users—by selling or offering for sale the combined infringing Web Server, the FFU, and the BACNet Flow Controller products in this District, wherein the infringing Web Server, the FFU, and the BACNet Flow Controller products constitute a material part of the patented inventions claimed in the '281 patent, and which are not staple articles or commodities of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

41.    On information and belief, Defendants have supplied, and continue to supply, in or from the United States the infringing Web Server, the FFU, and/or the BACNet Flow Controller products and/or components thereof, which comprise all or a substantial portion of the components of the claims of the '281 patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 U.S.C. § 271(f)(1).  Alternatively, on information and belief, Defendants have supplied in or from the United States components of the infringing combination of the Web Server, the FFU, and/or the BACNet Flow Controller products, which combination is especially made or especially adapted for use in practicing the claims of the '281 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, in violation of 35 USC § 271(f)(2).

42.    Defendants' acts of direct and indirect infringement of the '281 patent were and are willful, and have caused and will continue to cause substantial

damages and irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT III: INFRINGEMENT OF THE '166 PATENT

43.     The allegations of paragraphs 1-42 are realleged and incorporated herein by reference.

44.     Air Distribution is the assignee and owner of all right, title, and interest in the '166 patent and Air Distribution has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

45.     The '166 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

46.     Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, literally or under the doctrine of equivalents, at least independent claim 1 of the '166 patent, in violation of 35 U.S.C. § 271(a), (b), and (c).

47.     Defendants have directly infringed, and are continuing to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '166 patent by making, using, selling, and/or offering for sale infringing ACBC products in the United States, in violation of 35 U.S.C. § 271(a).

48.    Defendants knowingly, actively induced and continue to knowingly induce third-party direct infringers—such as Defendants' customers and end users—to practice the patented method of at least claim 1 of the '166 patent by importing, making, using, offering for sale, and selling infringing ACBC products and by encouraging and facilitating infringement by creating and distributing instructional, product, and technical materials related to the infringing products. Defendants have knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

49.    Defendants' infringing ACBC products are apparatuses especially made or adapted for infringing use, and Defendants sell and have sold infringing ACBC products for use in practicing the methods claimed in the '166 patent. Defendants knowingly contributed to, and continue to contribute to, the infringement of the '166 patent by others in this District—such as Defendants' customers and end users—by selling or offering for sale infringing ACBC products in this District, wherein the infringing ACBC products constitute a material part of the patented methods claimed in the '166 patent, and which are not staple articles or commodities of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

50.     Defendants' acts of direct and indirect infringement of the '166 patent were and are willful, and have caused and will continue to cause substantial damages and irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## COUNT IV: INFRINGEMENT OF THE '549 PATENT

51.     The allegations of paragraphs 1-50 are realleged and incorporated herein by reference.

52.     JCTC is the assignee and owner of all right, title, and interest in the '549 patent and JCTC has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

53.     The '549 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

54.     Defendants have directly and indirectly infringed, and are continuing to directly and indirectly infringe, literally or under the doctrine of equivalents, at least independent claim 1 of the '549 patent, in violation of 35 U.S.C. § 271(a), (b), and (c).

55.     Defendants have directly infringed, and are continuing to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '549

patent by making, using, selling, and/or offering for sale the infringing PMT, the PM, and the FHI products in the United States, in violation of 35 U.S.C. § 271(a).

56.    Defendants knowingly, actively induced and continue to knowingly induce third-party direct infringers—such as Defendants' customers and end users—to practice the patented inventions of at least claim 1 of the '549 patent by importing, making, using, offering for sale, and selling the infringing PMT, the PM, and the FHI products and by encouraging and facilitating infringement by creating and distributing instructional, product, and technical materials related to the infringing products. Defendants have knowledge that the induced acts constitute patent infringement, in violation of 35 U.S.C. § 271(b).

57.    Defendants' infringing PMT, PM, and FHI products are apparatuses especially made or adapted for infringing use, and Defendants sell and have sold the infringing PMT, the PM, and the FHI products for use in the patented inventions claimed in the '549 patent. Defendants knowingly contributed to, and continues to contribute to, the infringement of the '549 patent by others in this District—such as Defendants' customers and end users—by selling or offering for sale components of the infringing PMT, the PM, and the FHI products in this District, wherein the infringing PMT, the PM, and the FHI products constitute a material part of the patented inventions claimed in the '549 patent, and are not

20

staple articles or commodities of commerce suitable for a substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

58.     Defendants' acts of direct and indirect infringement of the '549 patent were and are willful, and have caused and will continue to cause substantial damages and irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## EXCEPTIONAL CASE

59.     The allegations of paragraphs 1-58 are realleged and incorporated herein by reference.

60.     On information and belief, Defendants are, and/or have been, aware of the Asserted Patents and Defendants' actions render this an exceptional case under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(A)     A judgment that Defendants have infringed the '716, '281, '166, and '549 patents in violation of 35 U.S.C. § 271(a);

(B)     A judgment that Defendants have actively induced infringement of the '716, '281, '166, and '549 patents in violation of 35 U.S.C. § 271(b);

(C)     A judgment that Defendants have contributorily infringed the '716,

'281, '166, and '549 patents in violation of 35 U.S.C. § 271(c);

(D)    A judgment temporarily, preliminarily, or permanently enjoining Defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, all individuals and entities in active concert and/or participation with them, and all individuals and/or entities within their control from engaging in patent infringement of the '716, '281, '166, and '549 patents;

(E)    Ordering Defendants to account and pay damages adequate to compensate Plaintiffs for Defendants' infringement of the '716, '281, '166, and '549 patents, including pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

(F)    Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(G)    Ordering that the damages award be increased up to three times the actual amount assessed pursuant to 35 U.S.C. § 284;

(H)    Declaring this case exceptional and awarding Plaintiffs their reasonable attorney fees pursuant to 35 U.S.C. § 285;

(I)    Costs and expenses in this action; and

(J)    Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable under

Federal Rule of Civil Procedure 38(b).


Dated: September 4, 2020

Of Counsel:

Janine A. Carlan (*pro hac vice*)
Bradford C. Frese  (*pro hac vice*)
Taniel Anderson (*pro hac vice*)
Gary A. Coad (*pro hac vice*)
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006-5344
Ph: 202.857.6000
Fax: 202.857.6395
janine.carlan@arentfox.com
bradford.frese@arentfox.com
taniel.anderson@arentfox.com
gary.coad@arentfox.com

Respectfully submitted,

/s/*DRAFT*_____

Jill Deutchman
Deutchman Law, LLC
5 Concourse Parkway, Suite 3200,
Atlanta, GA 30328
Ph: 404.994.4944
jill@deutchmanlaw.com

*Attorneys for Plaintiffs Johnson Controls Technology Company and Air Distribution Technologies IP, LLC*